UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:17-CR-00121-03** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SARAH PAXTON (03)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion for Compassionate Release [doc. 151] filed by Sarah Paxton. Ms. Paxton is an inmate in the custody of the Bureau of Prisons and seeks early termination of her sentence or a release to home confinement in light of the COVID-19 pandemic. The government opposes the motion. Doc. 155.

### I.
### BACKGROUND

Ms. Paxton was indicted in this court of one count of interstate kidnapping, a violation of 18 U.S.C. § 1201(a)(1), on April 11, 2017. Doc. 1. She pled guilty to the charge and was then sentenced on December 17, 2018, to a ten-year term of imprisonment and three-year term of supervised release. Docs. 90, 129. She is currently incarcerated at the Federal Correctional Institution at Aliceville, Alabama.

Ms. Paxton requests compassionate release or home confinement based on the COVID-19 pandemic. In support of her case she states that she has taken full advantage of all rehabilitation opportunities through the BOP. Doc. 151. She also asserts that she is scared for the health of her minor child, who has cerebral palsy. *Id.* The government

opposes the request, arguing that the court has no authority to grant home confinement. Doc. 155.

## II.
## LAW & APPLICATION

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use this provision to directly petition the court for compassionate release. The court may only act, however, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, the inmate is required to exhaust his administrative remedies with the BOP before bringing such a request to the court and exhaustion is a jurisdictional prerequisite for the court's ability to grant relief. *See, e.g.*, *United States v. Johnson*, 2020 WL 1663360, at *3–*6 (D. Md. Apr. 3, 2020); *United States v. Koons*, 2020 WL 1940570 (W.D. La. Apr. 21, 2020). The defendant bears the burden of demonstrating compliance with this requirement. *See, e.g.*, *United States v. Van Sickle*, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting cases).

To the extent that she is seeking compassionate release, Ms. Paxton does not indicate if or how she has pursued her administrative remedies with the Bureau of Prisons. Accordingly, such request will be denied without prejudice to her right to renew it upon a showing of exhaustion.

More directly, Ms. Paxton moves for release to home confinement. The court is without authority to grant this request. The Director of the Bureau of Prisons may authorize home confinement for the shorter of ten percent of an inmate's term of imprisonment or six months. 18 U.S.C. § 3624(c). Under the CARES Act of 2020, Congress has also lengthened the maximum amount of time an inmate may be placed on home confinement. Pub. L. 116-136, § 12003(b)(2). Decisions regarding inmate designations, however, are exclusively reserved to the BOP and are not subject to judicial review. *See* 18 U.S.C. § 3621(b). Accordingly, as several courts have recently recognized, the district court has no authority to order home confinement under the CARES Act. *E.g.*, *United States v. Read-Forbes*, 2020 WL 1888856 (D. Kan. Apr. 16, 2020); *United States v. Engleson*, 2020 WL 1821797 (S.D.N.Y. Apr. 10, 2020); *United States v. Hembry*, 2020 WL 1821930 (N.D. Cal. Apr. 10, 2020); *United States v. Carter*, 2020 WL 180288 (S.D. Ind. Apr. 9, 2020). This request is therefore denied.

### III.
#### CONCLUSION

For the reasons described above, Ms. Paxton's Motion for Compassionate Release [doc. 151] is **DENIED**, without prejudice to her right to renew the request for

compassionate release (but not home confinement) upon a showing of administrative exhaustion.

**THUS DONE AND SIGNED** in Chambers on this 22nd day of June, 2020.

						_____
						**JAMES D. CAIN, JR.**
						**UNITED STATES DISTRICT JUDGE**

4