UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:17-CR-00121-03** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SARAH PAXTON (03)** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is a second Motion for Compassionate Release or Release to Home Confinement [doc. 157] filed by defendant Sarah Paxton. The government opposes the motion. Doc. 159.

**I.
BACKGROUND**

Ms. Paxton was indicted in this court of one count of interstate kidnapping, a violation of 18 U.S.C. § 1201(a)(1), on April 11, 2017. Doc. 1. The charge arose from her involvement as an active participant in an incident on April 7, 2017, in which the victim was beaten, bound, and held for ransom after a botched drug deal. *See* doc. 126 (PSR), ¶ 10. Based on her criminal history and involvement in the offense, her guideline sentencing range was calculated at 210 to 262 months of imprisonment. *Id.* at ¶ 72. She pled guilty to the charge and was then sentenced on December 17, 2018, to a ten-year term of imprisonment and three-year term of supervised release.[1] Docs. 90, 129. She is currently

---

[1] She filed a notice of appeal from this matter but appellate counsel subsequently filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that the case presented no nonfrivolous issues for appellate review. *See* doc. 148. After a review of counsel's brief and the relevant portions of the record, the United States Fifth Circuit Court of Appeal declared that it agreed with this assessment and dismissed her appeal. *Id.*

incarcerated at the Federal Correctional Institution at Aliceville, Alabama. She filed a motion for compassionate release in this court in June 2020, citing concerns relating to the COVID-19 pandemic. Doc. 151. The government opposed the motion and the undersigned dismissed it without prejudice as unexhausted. Docs. 155, 156.

Ms. Paxton now brings a second motion for compassionate release. She states that she has a young child with cerebral palsy, whose physical therapy appointments have been interrupted as a result of the pandemic and who may be at increased risk if she contracts COVID-19. Doc. 157. Ms. Paxton notes that her child, who is now five, has been in the care of Ms. Paxton's mother since before the age of two but that she (Ms. Paxton) would like to relieve some of the caretaking strain placed on her mother. *Id.* She further asserts that she has been a model inmate, has completed several courses through the BOP, and works full time as a GED teacher at her facility. *Id.* In her request to the BOP, she also cited a history of severe asthma and stated that she was scared for her health because she had not been provided with gloves or a mask and was being served food that had been touched by officers and other inmates. Doc. 159, att. 1.

The government concedes that Ms. Paxton has exhausted her administrative remedies now but maintains that her motion fails on the merits. Doc. 159. In particular, it maintains that she has not shown "extraordinary and compelling circumstances" justifying her early release. *Id.* It also asserts that she is still a danger to the community and that the factors set forth under 18 U.S.C. § 3553(a) thus counsel against her release. *Id.*

## II.
## LAW & APPLICATION

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use this provision to directly petition the court for compassionate release. The court may only act, however, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, the inmate is required to exhaust his administrative remedies with the BOP before bringing such a request to the court and exhaustion is a jurisdictional prerequisite for the court's ability to grant relief. *See, e.g.*, *United States v. Johnson*, 2020 WL 1663360, at *3–*6 (D. Md. Apr. 3, 2020); *United States v. Koons*, 2020 WL 1940570 (W.D. La. Apr. 21, 2020).

Ms. Paxton does not describe her attempts at exhaustion or attach any evidence to her motion. The government confirms, however, that she submitted a request for compassionate release on June 27, 2020, and that as of July 29, 2020, the request had not been processed. Doc. 159, p. 3. Accordingly, the government concedes that the court has jurisdiction to consider the motion. *Id.* at n. 1.

As for the merits of her request, the government argues that Ms. Paxton's general fears of contracting the virus and desire to share caretaking responsibilities for her child do not create extraordinary circumstances justifying her own early release. Doc. 159. While institutional settings present challenges for containing the virus's spread, the BOP has enacted a Modified Operations Plan to minimize the risk of COVID-19 transmission into and inside its facilities. *See* Federal Bureau of Prisons, BOP Implementing Modified Operations, *available at* https://www.bop.gov/coronavirus/covid19_status.jsp (last visited August 3, 2020). This plan includes restrictions on visits, screening of staff and inmates, and modified operations of food services, laundry, commissary, showers, and communication facilities to prevent congregate gathering and maximize social distancing. *Id.* Currently there are four inmate cases and eight staff cases reported at FCI Aliceville. Federal Bureau of Prisons, *COVID-19 Update*, https://www.bop.gov/coronavirus/ (last visited August 3, 2020).

While Ms. Paxton claims to have a history of severe asthma with occasional flare-ups, she provides no evidence of these conditions. Though there are COVID-19 cases at her current facility, there is also rampant community spread in the parish where she resided before her incarceration and where she desires to be released. *See* Louisiana Department of Health, Louisiana Corona Virus (COVID-19) Information, *available at* https://ldh.la.gov/Coronavirus/ (last visited August 3, 2020). As another division of this court has noted, "[g]eneral concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." *United States v. Koons*, 2020 WL

1940570, at *5 (W.D. La. Apr. 21, 2020). Finally, her concerns for her child are understandable. She fails to show, however, that the child's caretaker for the last several years has been incapacitated or that other respite caregivers are not available. Accordingly, Ms. Paxton fails to meet her burden of showing entitlement to a sentence reduction.

Even where the defendant has demonstrated that he is eligible for compassionate relief based on extraordinary circumstances, the court is also required to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable . . . ." 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) contains factors that the court must consider in determining the length of a sentence, including (1) to reflect the seriousness of the offense, (2) to afford adequate deterrence of criminal conduct, and (3) to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2).

Counting her credit for pretrial detention, Ms. Paxton has only served three years of her original ten-year sentence. Additionally, that sentence represented a substantial downward departure from the minimum of 210 months calculated under the Guidelines. While she has completed a number of classes, the court cannot find that she has served adequate time to account for her criminal history, the seriousness of the offense, and her role in it. The presentence report lists prior convictions for drug possession, identity theft, and forgery in the three years leading up to her incarceration. Doc. 126, ¶¶ 29–37. Relating to the instant offense, it describes how Ms. Paxton drove for hours while inside the same vehicle the victim was being beaten and had hot coffee poured on him by her accomplices. Doc. 126, ¶ 10. During this time she also called the victim's mother and sister, demanding money, and took video of the victim to send to his family while he was bound and beaten

by one of her accomplices. *Id.* The victim only managed to escape when he was left under the guard of one defendant, who fell asleep, while the other two went into a rest stop casino to gamble. *Id.*

Allowing a reduction in Ms. Paxton's case, before she has served even one-third of her sentence, would not provide adequate deterrence from criminal conduct or reflect the seriousness of her offense. Ms. Paxton was an active participant in a serious criminal matter, in which a young man was kidnapped and held for ransom while being beaten and placed in fear for his life for several hours. The fact that defendants and victim alike were all involved in a drug deal does not lessen her culpability. The court is also left with insufficient evidence of her rehabilitation, though it applauds the efforts she has made so far. Accordingly, there is no basis for granting compassionate release in this matter.

## III.
### CONCLUSION

For the reasons stated above, the Motion for Compassionate Release [doc. 157] is **DENIED**.

**THUS DONE AND SIGNED** in Chambers, on this 4th day of August, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**