UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:17-CR-00121-03** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SARAH PAXTON (03)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a third Motion for Compassionate Release [Doc. 171] filed by defendant Sarah Paxton. The government opposes this motion. [Doc. 173].

## BACKGROUND

Ms. Paxton was indicted in this court of one count of interstate kidnapping, a violation of 18 U.S.C. § 1201 (a)(1), on April 11, 2017. Doc. 1. The Charge arose from her involvement as an active participant in an incident on April 7, 2017, in which the victim was beaten, bound, and held for ransom after a botched drug deal. Doc. 126 (PSR) ⁋ 10. Based on her criminal history and involvement in the offense, her guideline sentencing range was calculated at 210 to 262 months of imprisonment. *Id.* at ⁋ 72. She pled guilty to the charge and was then sentenced on December 17, 2018, to a ten-year term of imprisonment and three-year term of supervised release.[1] Docs. 90, 129.

She is currently incarcerated at the Federal Correctional Institute at Aliceville, Alabama. Doc. 173. She filed a first Motion for Compassionate Release in this Court June

---

[1] She filed a notice of appeal from this matter, but appellate counsel subsequently filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that the case presented no nonfrivolous issues for appellate review. *See* Doc. 148. After a review of counsel's brief and the relevant portions of the record, the United States Fifth Circuit Court of Appeal declared that it agreed with this assessment and dismissed her appeal. *Id.*

2020, citing concerns relating to the COVID-19 pandemic. Doc. 151. The government opposed the motion and the undersigned dismissed it without prejudice as unexhausted. Docs. 155, 156.

Ms. Paxton filed a second Motion for Compassionate Release in July 2020, stating that she has a young child with cerebral palsy, whose physical therapy appointments have been interrupted as a result of the pandemic and who may be at increased risk if she contracted COVID-19. Doc. 157. Ms. Paxton noted that her child has been in the care of her mother since before the age of two but that Ms. Paxton would like to relieve some of the caretaking strain placed on her mother. Ms. Paxton argued that she had been a model inmate, and has completed several courses through the BOP, and works full time as a GED teacher at her facility. *Id.* The government agreed that Ms. Paxton has exhausted her administrative remedies but argued that her motion failed on the merits. Doc. 159. The Court agreed that there was no basis for granting compassionate release as she had not even served one-third of her sentence and a release would not provide adequate deterrence from criminal conduct or reflect the seriousness of her offence. Additionally, the Court noted that there was insufficient evidence of Ms. Paxton's rehabilitation, though the Court applauded the efforts she had made.

Ms. Paxton now files a third Motion for Compassionate Release again stating that she has a young child with cerebral palsy who is solely in the custody of Ms. Paxton's parents who are both over the age of fifty-seven. Doc. 171. Ms. Paxton asserts that her mother has been in an automobile accident that resulted in hospitalization, and she is

currently undergoing physical therapy multiple times a week, making it difficult to tend to Ms. Paxton's daughter. *Id.*

The government argues that this Court has already denied an earlier motion for compassionate release, filed in July 2020, which was based on the same grounds and asks this Court to deny this motion. Docs. 160, 173.

## **LAW & ANALYSIS**

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use this provision to directly petition the court for compassionate release. The court may only act, however, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, the inmate is required to exhaust his administrative remedied with the BOP before bringing such a request to the court and exhaustion is a jurisdictional prerequisite for the court's ability to grant relief. *See, e.g., United States v. Johnson*, 2020 WL 166360, at *3-*6 (D. Md. Apr. 3, 2020); *United States v. Koons*, 2020 WL 1940570 (W.D. La. Apr. 21, 2020).

Ms. Paxton has previously filed two Motions for Compassionate Release and now brings this third motion. Ms. Paxton brings this motion seeking a sentence reduction pursuant to the First Step Act so that she can assist her parents who have been caring for her six-year-old daughter. Ms. Paxton argues that her parents are both over the age of fifty-seven and her mother was recently involved in a motor-vehicle accident, and as a result of the motor vehicle accident her mom will have surgeries and undergo physical therapy. Doc. 171.

The government argues that this Court has already denied an earlier Motion for Compassionate Release [Doc. 160] which was based on the same grounds and filed in July 2020. Doc. 173. The government asserts that in denying that motion, this Court found the Ms. Paxton failed to show her child's caretaker had been incapacitated or that other caretakers were not available. Doc. 160 at p. 5. This Court further reasoned that Ms. Paxton had not served adequate time to account for her criminal history, the seriousness of her offence, and her role in the offense. *Id.* The government argues that the instant renewed motion does not raise any new issue for the Court's consideration. Doc. 173.

Even where the defendant has demonstrated that he is eligible for compassionate relief based on extraordinary circumstances, the court is also required to "consider[] the factors set forth in section 3553(1) to the extent that the are applicable . . ." 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) contains factors that the court must consider in determining the length of a sentence, including (1) to reflect on the seriousness of the offense, (2) to afford adequate deterrence of criminal conduct, and (3) to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2).

As this Court stated in response to the previous Motion for Compassionate Release [Doc. 157], the presentence report lists prior convictions for drug possession, identity theft, and forgery in the three years leading up to her incarceration. Doc. 160; Doc. 126. Accordingly, the Court cannot find that she has served adequate time to account for her criminal history, the seriousness of the offence, and her role in it.

On December 17, 2018, Ms. Paxton was sentenced to be imprisoned for one hundred twenty (120) months. Doc. 128. As this Court previously stated, allowing a reduction in Ms. Paxton's case, before she has even served one-third of her sentence, would not provide adequate deterrence from criminal conduct, or reflect the seriousness of her offence. Ms. Paxton was an active participant in a serious criminal matter, in which a young man was kidnapped and held for ransom while being beaten and placed in fear for his life for several hours. The fact that defendants and victim alike were all involved in a drug deal does not lessen her culpability. The Court is left with insufficient evidence of her rehabilitation, though it applauds the efforts she has made so far. Accordingly, there is no basis for granting compassionate release in this matter.

## CONCLUSION

For the reasons stated above, the Motion for Compassionate Release [Doc. 171] is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 22nd day of February, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**